UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEOPLE #1 d/b/a JUANA DOE NUMERA UNA; JOHN/JANE DOES 1-9, et al.,

                Plaintiffs,

-against-

NEITZKE V. WILLIAMS; JOHN/JANE DOE 1-9, et al.; "THE BASELESS PRO SE PARADOX",

                Defendants.

1:19-CV-11959 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiffs, who identify themselves as "People #1 d/b/a Juana Doe Numera Una" and "John/Jane Does 1-9," bring this action *pro se*. They invoke the Court's federal question jurisdiction. By order dated January 8, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiffs sue "Neitzke V. Williams," "John/Jane Doe 1-9," and "The Baseless Pro Se Paradox." They allege that "[u]nder Tracy v. Freshwater a pro se litigant must understand at least one 'ground,' if not an exhaustive list of all 'grounds.'" (ECF 2, at 1.) They ask "[h]ow is it possible for a pro se to lack ground for claims when the court has a duty to make certain the pro se litigant understands what's required?" (*Id.* at 2.) They also ask how "does the unusual power to pierce the factual allegations end if fees are paid as opposed to proceeding IFP?" (*Id.*) They further ask, "If the people ha[v]e been clearly wronged and no remedy exists . . . so what?" (*Id.*)

Plaintiffs assert that their injuries are "2015-2020 minutes, exclusivity and copyright." (*Id.* at 1.) They seek as relief "[a] written opinion giving authority to provide basis available for greatest claims suggested and remedy for abuse of discretion in failing to provide sound ground." (*Id.* at 1.) They also seek "at least one possible basis, and an exhaustive list of all basis." (*Id.* at 3.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiffs' claims rise to the level of the irrational, and there is no legal theory on which they can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiffs' complaint cannot be cured with an amendment, the Court declines to grant Plaintiffs leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiffs and note service on the docket.

The Court dismisses this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 17, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge